**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE:  TROY JORDAN | : | CHAPTER 13 |
| | : | |
| DEBTOR | : | CASE NO. 20-14596 AMC |
| | : | |
| TROY JORDAN | : | |
| PLAINTIFF, | | |

v.

FOUNDATION FINANCE COMPANY
Respondent.

: ADVERSARY NO:

**DEBTOR'S COMPLAINT TO DETERMINE THE VALUE AND STATUS OF JUNIOR LIEN AS A WHOLLY UNSECURED CLAIM AND TO VOID THE JUNIOR LIEN**

This Complaint is filed by Troy Jordan, in the above captioned chapter 13 case pursuant to 11 U.S.C. § 506(a) and Fed. R. Bankr. P. 3012 and 9014 to obtain an order to determine the value and status of the claim of creditor Foundation Finance Company, as a wholly unsecured claim and to void the lien of creditor Foundation Finance Company on debtor's residence. In support of the Complaint, Debtor states as follows:

1. The Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 1334 and 157 (b)(2)K.  This is a core proceeding.

2. As described more fully in Schedule A, Debtor owns a principal residence located at 7 West Essex Avenue Lansdowne, PA 19050 (hereinafter "the subject property").

3. The subject property's fair market value is $176,000 A true and correct copy of a current market analysis is attached hereto and marked as Exhibit "A".

4. The Court entered an Order granting debtor's Motion to Determine Value, which set the value of the property at $176,000. See Docket #51.

{00392753;v1}

5. Wintrust Mortgage ("Wintrust") holds a first mortgage lien on the subject property.

6. Wintrust has a secured claim in the amount of $189,863.50. A true and correct copy of proof of claim no. 13 is attached hereto as Exhibit "B" and incorporated herein by reference.

7. Foundation Finance ("Foundation Finance") filed a secured claim for $28,352.90. A copy of proof of claim No 3 is attached as Exhibit "C".

8. Foundation Finance filed a UCC Financing Statement for basement waterproofing.

9. Rule 3012 implements section 11 USC 506(a) and provides that the court may "determine the value of a claim secured by a lien on property in which the estate has an interest on motion of any party in interest." FRBP 3012.

10. The subject property's fair market value is at most $176,000. See Exhibit "A".

11. Based on the evidence provided by Debtor, Debtor requests that this Court determine that the value of the property is $176,000 or less pursuant to FRBP 3012.

12. Further, 11 USC 1322(b)(2) prohibits bifurcation of an undersecured home mortgage holder's claim into secured and unsecured components. See Nobleman v. American Savings Bank, 502 U.S. 324, 328-30 (1993) (demonstrating that a Chapter 13 debtor looks to § 506(a) for a determination of the secured creditor's claim based on the value of its collateral, but found that the secured creditor's treatment could not be limited pursuant to § 1325(a)(5) by this valuation due to the protection of home mortgages provided by § 1322(b)(2)). However, in In re McDonald, the Third Circuit held that the anti-modification clause does not protect junior liens whose claims are wholly unsecured. See McDonald v. Master Fin., Inc.(In re McDonald), 205 F.3d 606 (3d Cir. 2000), cert. denied, 531 U.S. 822, 121 S.Ct. 66, 148 L.Ed.2d 31 (2000);

{00392753;v1}

13. Here, Foundation Finance's claim is junior to Wintrust, whose lien exceeds the fair market value of the subject property. Foundation Finance's claim is wholly unsecured. Therefore, the anti-modification clause does not apply.

14. Pursuant to 11 U.S.C. § 506(a), the allowable secured claim of Foundation Finance is $0.00.

15. Accordingly, the value of Foundation Finance's interest in the estate in the subject property is $0.00.

16. Under the terms of the Chapter 13 Plan, debtor provides for payment to Foundation Finance consistently with treatment of all other general unsecured creditors.

**WHEREFORE**, Debtor requests that this Court enter an order providing that:

a. The interest of creditor Foundation Finance's junior lien in the subject real estate is $0.00;

b. Any secured claim filed by creditor Foundation Finance in this case is disallowed as a secured claim and allowed only as an unsecured claim;

c. The lien of Foundation Finance on the real property at 7 West Essex Avenue Lansdowne, PA 19050 and specifically any lien recorded at the Recorder of Deeds in Delaware County, Commonwealth of Pennsylvania, BK06482-0204 is void.

Date: 5/5/2022

/s/ Michelle Lee
Michelle Lee, Esquire
Margolis Edelstein
170 S Independence Mall W., Ste. 400E
Philadelphia, PA 19106

{00392753;v1}